UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 08-155-GWU


WILLIAM VAUGHN,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


**INTRODUCTION**

William Vaughn brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Disability Insurance Benefits (DIB).

The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to
      Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
      404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-155  William Vaughn

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.  If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the

alleged pain arising from the condition; or (2) whether the objectively
established medical condition is of such a severity that it can
reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.
1986).

Another issue concerns the effect of proof that an impairment may be
remedied by treatment.  The Sixth Circuit has held that such an impairment will not
serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health
and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same
result does not follow if the record is devoid of any evidence that the plaintiff would
have regained his residual capacity for work if he had followed his doctor's
instructions to do something or if the instructions were merely recommendations.
Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,
1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before
it, despite the plaintiff's claims that he was unable to afford extensive medical work-
ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th
Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor
to be considered against the plaintiff, Hale v. Secretary of Health and Human
Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way
to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d
241, 242 (6th Cir. 1990).

08-155  William Vaughn

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

6

accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Vaughn, a 34-year-old former caster with a high school equivalent education, suffered from impairments related to the residuals of low back surgery and obesity.  (Tr. 16, 20).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 17, 20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 20-21).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Ann Thomas included an exertional limited to light level work restricted from the full range by such non-exertional limitations as (1) an inability to more than occasionally stoop, bend, crouch and/or climb ramps or stairs; (2) an inability to ever crawl and climb ladders, ropes or scaffolds; (3) a need for a sit/stand at will option; and (4) an inability to perform work requiring more than simple instructions.  (Tr. 315).  Thomas identified

08-155  William Vaughn

a significant number of jobs which could still be performed.  (Id.).  The ALJ then added an inability to perform overhead lifting.  (Id.).  The ALJ indicated that the previously cited jobs could still be done.  (Id.).  Therefore, assuming that the vocational factors considered by the vocational expert fairly depicted Vaughn's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Vaughn's condition as required by Varley.

Dr. James Wilson, a treating source at Lake Cumberland Medical Associates, imposed a 10 pound lifting limit on Vaughn in June of 2003.  (Tr. 170).  However, this limitation was only for a one-week time period.  (Id.).  The doctor indicated that the patient was going to see Dr. Magdy El-Kalliny to discuss the possibility of surgery.   (Id.).   The physician opined that ultimately, the plaintiff would be permanently restricted from lifting more than 25 pounds.  (Id.).  In August of 2003, the doctor reported  that he had not taken the claimant off work for a work-related injury.  (Tr. 169).  Thus, Dr. Wilson did not report the existence of more severe restrictions than those found by the ALJ.

Dr. Robert Johnson, a examining consultant, opined in August of 2003 that Vaughn was restricted to light level work not requiring repetitive or strenuous bending.  (Tr. 254).  The plaintiff would need to change position at will and avoid activities putting strain on his back.  (Id.).  The hypothetical factors were essentially

8

consistent with this opinion.  Dr. Johnson examined Vaughn again in December of 2004 at which time he indicated that the claimant could lift up to 25 pounds[1] as well as a need to avoid twisting, bending, pulling activities involving the lower back as well as climbing and hazardous surfaces.  (Tr. 264-265).  These limitations also do not appear totally disabling.

Dr. Jeff Reichard, another examiner, saw Vaughn in June of 2005.  Dr. Reichard indicated that the plaintiff would have a "mild to moderate" restriction for ambulating, standing, bending, stooping and should also avoid heavy lifting.  (Tr. 164).  The ALJ's hypothetical question was compatible with these limitations.

Dr. Allen Dawson, a non-examining medical reviewer, opined that Vaughn was restricted to light level work limited from a full range by an inability to ever climb ladders, ropes or scaffolds as well as an inability to more than occasionally climb ramps or stairs, stoop and crouch.  (Tr. 226-234).  The ALJ's findings were also consistent with this opinion.  These reports provide substantial evidence to support the administrative decision.

Dr. Patrick Jenkins examined Vaughn in March of of 2006.  (Tr. 248).  Dr. Jenkins later completed a Physical Functional Capacity Questionnaire upon which he identified a number of extremely severe functional limitations, including an

---

[1]Dr. Johnson reported reviewing a report from Dr. El-Kalliny, the treating surgeon, which is not in the record before the ALJ, indicating that the plaintiff had been released to return to work in October of 2004 with only a 25 pound weight lifting restriction.  (Tr. 257).

08-155  William Vaughn

inability to lift more than ten pounds or sit, and stand/walk for more than two hours a day.  (Tr. 267-270).  The ALJ rejected Dr. Jenkins' opinion as binding due to the lack of objective physical findings noted to support the opinion.  (Tr. 19).  The doctor wrote "N/A" where the form asked him to identify the clinical and objective evidence which supported his opinion.  (Tr. 267).  Furthermore, while the claimant asserts that Dr. Jenkins was a treating source, the current record indicates that the doctor examined him on only one occasion.  His opinion would be offset by those of the other examining and treating sources.  Therefore, the ALJ had good grounds to reject Dr. Jenkins's opinion.

Vaughn asserts that he should at least qualify for a closed period of DIB from June 17, 2003 until October 7, 2004.  However, the aforementioned evidence from Dr. Wilson as well as Dr. Johnson does not indicate that he was more limited during this period than found by the ALJ.  Therefore, the court must reject the plaintiff's argument.

The court notes that Vaughn submitted additional medical evidence directly to the Appeals Council which was never seen by the ALJ.  This action raises an issue concerning a remand for the taking of new evidence before the Commissioner.  Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into

08-155  William Vaughn

the record in a prior proceeding . . . ."   42 U.S.C. § 405(g).  The statute provides

that a claimant must prove that the additional evidence is both "material" and that

"good cause" existed for its not having been submitted at an earlier proceeding.

Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir.

1988).   In order to demonstrate "materiality," a claimant must show that a

reasonable probability exists that the Commissioner would have reached a different

conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at

711.  Thus, the new evidence must be material and good cause must be shown why

it was not previously submitted.

The medical evidence with which Vaughn seeks a remand of the action

consists of treatment notes dated between June, 2006 and October, 2006 from Dr.

Howard Lynd.  The plaintiff has offered no explanation as to why this evidence was

not submitted in a timely fashion.  The court notes that the ALJ gave the claimant

two weeks following the hearing to submit evidence from Dr. Lynd. (Tr. 286).  He

was later given a two week extension, yet no records from the physician were

submitted to the ALJ.[2] (Tr. 14).  Thus, the "good cause" requirement is not met.  Dr.

Lynd also did not identify more severe specific functional restrictions than those

found by the ALJ so "materiality" is also not established.  Therefore, a remand of

the action for taking new evidence is not appropriate.

_____

[2]The plaintiff did submit the reports from Dr. Jenkins during this period.

11

08-155  William Vaughn

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 18th day of February, 2009.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**

12